UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH T. BECHTEL, : | |
|     Plaintiff : | |
| : | |
| v. : | CIVIL NO. 4:CV-06-1128 |
| : | |
| : | (Judge Jones) |
| LEBANON COUNTY PRISON, : | |
| ET AL., : | |
|     Defendants : | |

## **MEMORANDUM**

December 26, 2007

### I. **Procedural Background**

This *pro se* civil rights action pursuant to 42 U.S.C. § 1983 was filed by Plaintiff Joseph T. Bechtel, an inmate presently confined at the State Correctional Institution, Somerset, Pennsylvania ("SCI-Somerset"). In his complaint, Bechtel named seven defendants, generally alleging that he is not being provided proper medical care. (*See* Doc. 1.)

By Memorandum and Order dated August 27, 2007, this Court denied Bechtel's request to file an amended complaint and granted the motion to dismiss of Defendant Jeffrey Arthur Yocum, D.O.'s. (Doc. 60.) On September 7, 2007, the Court granted the motion to dismiss of Defendant Michael Seifert. (Doc. 65.)

The remaining defendants are Bechtel's former place of confinement, the Lebanon County Prison, Lebanon, Pennsylvania; the prison's Medical

Department; and the following prison officials:  Warden Robert Karnes; Nurses Ruth Gordon and Deborah Hitzler.  Currently before the Court is the motion to dismiss (Doc. 30) filed by these defendants.  For the reasons set forth below, this motion shall be granted.

Also before the court are two "Motions to Investigate Court of Common Pleas of Lebanon County, Pennsylvania for Abuse of Authority" filed by Bechtel. (Docs. 63, 66.)  These motions shall be denied.

**II.   Factual Background**

In accordance with the standard of review governing motions for summary judgment, the following facts, and any reasonable inferences derived therefrom, are viewed in favor of the non-moving party, the Plaintiff.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  Pursuant to Local Rule 56.1, the moving Defendants submitted a statement of undisputed material facts in support of their motion for summary judgment.  (Doc. 32.)  Plaintiff failed to file a response controverting these facts, and therefore, pursuant to Local Rule 56.1, the Court may deem them admitted.  However, given Plaintiff's status as a pro se, non-moving party and in the interests of justice, where the record in this case suggests a dispute regarding a fact, the Court shall it in the Plaintiff's favor.

Bechtel entered the Lebanon County Prison on March 16, 2006.  (Compl., Doc. 1, at 4.)  During the admissions process, Bechtel conveyed his medical

history to the prison Medical Department, informing them that he was suffering from "dizziness and throwing up blood and urinating blood" and had passed out two days earlier. (*Id.*)

Bechtel's medical treatment began almost immediately after he arrived at the prison. On March 17, 2006, Bechtel received an initial physical. (Defs.' Statement of Undisputed Material Facts ["SUF"] ¶ 12.) On March 21, 2006, physician's assistant Michael Seifert began to conduct a physical examination of Bechtel (SUF ¶ 13), but the exam was not completed (Pl.'s Opp. to Motions to Dismiss ["Pl.'s Opp."], Doc. 47, at 3).

On April 1, 2006, Bechtel complained of dizzy spells, blood in his urine and stool, and weight loss. (SUF ¶ 14; Pl.'s Opp. at 3.) He was evaluated by a nurse in the Medical Department and instructed to sign up for a sick call. (*Id.*) On April 4, 2006, Bechtel was evaluated by Seifert at sick call. (SUF ¶ 15; Pl.'s Opp. at 3.) Several diagnostic tests were ordered, and Bechtel was referred to a general surgeon. (SUF ¶ 15.) On April 6, 2006, Bechtel was evaluated in the Medical Department and then referred to a hospital for further evaluation. (SUF ¶ 16.) On April 7, 2006, the Medical Department scheduled Bechtel for consultations with two outside doctors: Dr. Bazewicz, a general surgeon, and Dr. Beltz, a urologist. (SUF ¶ 17.) On April 12, 2006, Bechtel complained of a nose bleed and dizziness. (SUF ¶ 18.) He was evaluated in the Medical Department and instructed to sign

3

up for a sick call.  (*Id.*)

On April 17, 2006, Bechtel was evaluated by Dr. Beltz.  (SUF ¶ 19.)  Dr. Beltz recommended a CT scan and a cystoscopy, but Bechtel refused to undergo the cystoscopy.  (*Id.*)  Bechtel was also scheduled to be seen by Dr. Bazewicz on April 21, 2006.  This appointment was postponed, however, due to the incident that occurred on that date.  (SUF ¶ 20.)

On April 21, 2006, Bechtel became dizzy and passed out, hitting his head against the toilet in his cell and smashing his four upper front teeth.  (Compl. at 5.)  A correctional officer responded to Bechtel's request for assistance and transported him to the Medical Department.  (*Id.*)  Defendant Nurse Hitzler examined Bechtel and asked if he had been in a fight.  (*Id.*)  Bechtel responded that he had not.  (*Id.*)  Bechtel  was than taken to a hospital for additional treatment which included a CAT scan and blood work.  (*Id.* at 5-6.)  When Bechtel was returned to the prison, he was placed in the infirmary.  (*Id.* at 6.)  Bechtel claims he was told by guards that the prison was "trying to cover things up."  (*Id.*)  He also claims he was told that Hitzler threw his teeth away.  (*Id.*)

On April 28, 2006, Bechtel's rescheduled appointment with Dr. Bazewicz occurred.  (SUF ¶ 21.)  Dr. Bazewicz who recommended non-operative measures to minimize Bechtel's symptoms.  (*Id.*)

On May 1, 2006, Bechtel underwent a CT scan and an ultrasound, per Dr. Beltz's recommendations. (SUF ¶ 22.) On May 3, Bechtel had a follow-up appointment with Dr. Beltz. (SUF ¶ 23; Pl.'s Opp. at 3-4.) On May 3, 2006, Defendant Nurse Gordon called Dr. Bazewicz's office to request documentation and also recorded Dr. Beltz's recommendations and the medications he had provided Bechtel. (SUF ¶ 6.) On May 4, 2006, Gordon received a bill regarding Bechtel's treatment and called to request further documentation regarding the treatment. (SUF ¶ 7.)

Bechtel signed the complaint in this action on May 31, 2006, and the complaint was filed on June 6, 2006. (Compl. at 3.) On June 5, 2007, Bechtel had another appointment with Dr. Beltz, who referred Bechtel to Dr. Keller for treatment of his gallstones and recommended that Bechtel be evaluated by a cardiologist. (SUF ¶ 23; Pl.'s Opp. at 3-4.) Dr. Beltz's recommendations were followed, as Bechtel was later evaluated and treated on multiple occasions by Dr. Keller and a cardiologist Dr. Saraiya. (SUF ¶¶ 24-25; Pl.'s Opp. at 4.)[1]

---

[1] Both Plaintiff in his opposition to other motions and the moving Defendants in their statement of undisputed material facts refer to events occurring after the filing of the complaint in this action. The Plaintiff has not moved to supplement his complaint, *see* Fed. R. Civ. P. 15(d), and so these facts are not properly before the Court. Even if the Plaintiff's reference to such facts were construed as a motion to supplement, the Court would exercise its discretion to deny such a motion because these facts merely confirm that Bechtel received comprehensive medical treatment both from the prison Medical Department and outside doctors. Any attempt by the Plaintiff to amend or supplement his complaint on these grounds would be futile. *See Young v. Beard,* 2007 WL 1799641 at *1-2 (W.D. Pa. June 19, 2007).

5

Bechtel complains that the doctors in the prison Medical Department did not also see him after his appointments with outside doctors. (Pl.'s Opp. at 4.) He also alleges that he was only seen by a doctor one time following his arrival at the Lebanon County Prison, and the physician "didn't even know who I was or about my accident." (Compl. at 6.)

### III. Standard of Review

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson*, 477 U.S. at 248-49.

In opposing summary judgment, the non-moving party "may not rest upon the mere allegations or denials of the ... pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones*, 214 F.3d at 407.  Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985).  However, the underlying facts and all reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party.  *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a fact-finder could draw from them.  *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982).  Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. 242, 247-48 (1986).

**IV.    Discussion**

    **A.    Claims Against the Prison and Medical Department**

As an initial matter, summary judgment shall be granted in favor of Defendants Lebanon County Prison and the prison Medical Department because these defendants cannot be sued under § 1983.

A § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *see also Thompson v. Burke*, 556 F.2d 231, 232 (3d Cir. 1977) (parole Board could not be sued because it is not a person within the meaning of § 1983). A prison or correctional facility is also not a "person" within the meaning of § 1983. *See Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973); *Philogene v. Adams County Prison*, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. Jan. 30, 1997) (Rambo, C.J.) *Sponsler v. Berks County Prison*, Civ. A. 95-1136, 1995 WL 92370, at *1 (E.D. Pa. Feb. 28, 1995).

It has been similarly recognized that a department within a prison "may not be sued under 42 U.S.C. § 1983 since it is not a person." *Fischer*, 474 F.2d at 992.; *see also Thompkins v. Jane Doe*, No. 99–3941, slip op. at 2-3 (3d Cir. March 16, 2000); *Stanley v. Delaware Co. Medical Dept.*, 1991 WL 29928 * 1 (E.D. Pa. Feb. 27, 1991) (prison medical department clearly not a person for purposes of § 1983).

Pursuant to the above standards, the Lebanon County Prison and the Lebanon County Prison Medical Department are not persons and may not be sued under § 1983. Accordingly, these two Defendants will granted summary judgment.

### B.     Personal Involvement

Summary judgment shall also be granted in favor of Defendants Lebanon County Prison, the Medical Department, Warden Robert Karnes and Nurse Ruth Gordon because Bechtel has not demonstrated that these defendants were personally involved in any alleged deprivation of his constitutional rights.

Claims brought under § 1983 cannot be premised on a theory of *respondeat superior*. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown to have been personally involved in the events or occurrences which underlie a claim. *See Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976). As explained in *Rode*:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs.... [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

While Warden Karnes is named as a defendant, the complaint contains no other mention of him whatsoever. Karnes appears to have been sued only because he was the prison warden, but § 1983 liability cannot be premised on a theory of *respondeat superior*. Similarly the Prison itself and the Medical Department cannot be "personally" involved in any alleged constitutional deprivation and cannot be held liable under § 1983 merely for the acts of the their employees. Because these Defendants had no personal involvement in any alleged deprivation of Bechtel's rights, summary judgment will be granted in their favor.

Nurse Gordon is also only mentioned in the caption, and the complaint contains no factual allegations regarding her. The moving Defendants note that Nurse Gordon's only actions involving Bechtel were making phone calls to outside physicians regarding documentation of his treatment. Gordon had no direct involvement with Bechtel. Nurse Gordon seems to have been sued only because she was a member of the prison Medical Department. Bechtel has not demonstrated her personal involvement in any of the underlying allegations, and therefore, summary judgment will be granted in Nurse Gordon's favor.

**C.     Deliberate Indifference**

Summary judgment shall also be granted in favor of all Defendants because Bechtel has not, and cannot, establish that the Defendants were deliberately indifferent to his medical needs.

Pursuant to the Supreme Court's decision in *Estelle v. Gamble*, 429 U.S. 97 (1976), to prevail on an Eighth Amendment claim based on lack of medical treatment, a prisoner plaintiff must prove the defendants' "deliberate indifference to serious medical needs of prisoners" which constitutes "unnecessary and wanton infliction of pain." The test for whether a prison official was deliberately indifferent is whether that defendant "acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 841 (1994).

An allegation that a defendant "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. If inadequate treatment results simply from an error in medical judgment it may constitute negligence, but there is no constitutional violation. *See Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).

Bechtel complains that prison doctors did not come to see him after he returned from appointments with outside specialists and that several months after his arrival, a doctor did not know his name or medical history. He also claims that Nurse Hitzler accused him of being in a fight and disposed of the four teeth he lost during the April 21 incident. Finally, Bechtel complains that Medical Department staff were blunt with or yelled at him. None of these allegations come close to

11

stating even a negligence claim, let alone an Eighth Amendment violation.

The Constitution prohibits states from inflicting cruel and unusual punishment on prisoners.  The Constitution decidedly does not require states to make prisons comfortable, and a prison sentence is not a voucher for free health care on demand.   The record in this case clearly establishes that Bechtel was provided with timely and appropriate medical care.  Each time that Bechtel complained to prison officials about a medical problem, he received treatment. Bechtel received treatment from medical personnel at the prison, and was also evaluated and treated by no less than four outside specialists.  All of this treatment was provided within three months of Bechtel's arrival at the prison.  Bechtel has received comprehensive medical care while incarcerated, and cannot establish that the Defendants' were deliberately indifference to his medical needs.  Therefore, Defendants' motion for summary judgment shall be granted.

### D.      **Plaintiff's Motions for Investigation**

Given the disposition of his remaining claims, Bechtel's two "Motions to Investigate Court of Common Pleas of Lebanon County" are moot.  Further, these "motions" raise new claims against parties who are not defendants in this action and involve events that have nothing to do with the subject matter of this case. The motions shall therefore be summarily denied.

**IV.    Conclusion**

For the foregoing reasons, the moving Defendants' motion for summary judgment shall be granted and Plaintiff's pending motions will be denied.  An appropriate order shall be entered.